GARDEN, JUDGE:
On Saturday, March 24, 1979, at approximately 8:00 p.m., the claimant and his wife were proceeding in a southerly direction on West Virginia State Route 2 from the town of McMechen, West Virginia, to their home in Moundsville. Route 2 in this particular area is a four-lane, straight, level roadway. The two northbound and the two southbound lanes are separated by a narrow, raised concrete divider. As a southbound motorist approaches the southerly end of the above-described section of Route 2, there is a break in the concrete median dividing strip which allows motorists entering Route 2 from the east and west to proceed in either a northerly or a southerly direction. At the sourtherly end of the north part of the break in the concrete median, the respondent had erected a sign on a metal pole, which faced south and served as a warning to northbound motorists to keep to the right. Apparently, prior to claimant’s accident, another vehicle had struck this sign, bending it so that the sign extended, according to the claimant, about one or two feet out and into the inside southbound lane.
Claimant testified that he was operating his 1977 Buick LeSabre automobile within the speed limit, that he was proceeding in the inside lane, that it was raining, that he had his headlights on, and that traffic was to his right or in the outside lane, when he suddenly observed the bent sign protruding into his lane of travel. As he attempted to avoid striking the sign, his left front fender struck it and was damaged in the amount of $100.43. A day or so later, the claimant reported the incident to officials in the McMechen city building.
Leo R. Pavlic, claims investigator for the respondent in District 6, testified that when he was driving to work the following Monday morning, he noticed that the sign was bent and projected about 12 inches into the inside southbound lane. Mr. Pavlic testified that, *131 upon arriving at his office, he called the “Sign Department” and notified them of this hazardous condition. He further testified that he could find no evidence at his office that the respondent had previously been notified of this protruding sign.
While the Court does not believe that the claimant was guilty of any negligence which contributed to this unfortunate incident, we also believe that the respondent did not know, nor could it have known, of the hazardous condition which certainly did exist on Route 2 the night of the claimant’s accident. Accordingly, this claim must be disallowed.
Claim disallowed.